

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Bert Ford, Administrator
Texas Liquor Control Board
Austin 1, Texas

Dear Sir:                          Opinion No. O-7431

Re: Would an agreement as
is set forth herein,
between a brewer who
holds a manufacturer's
license under the Texas
Liquor Control Act and
numerous licensed dis-
tributors of malt
beverages in this State,
in any way violate the
Texas Liquor Control Act.

Your letter of September 30, 1946, is set forth
in full as follows:

"Agreements of the type set forth upon the
attached form have been executed between a
brewer who holds a manufacturer's license under
the Texas Liquor Control Act and numerous
licensed distributors of malt beverages in this
State. A question has arisen as to whether such
agreements violate any portion of the Texas
Liquor Control Act, and I respectfully request
your valued opinion with respect to such question.

"I am, of course, familiar with your Opinion
No. O-7280, wherein you considered the effect of
Section 24 (1) (j) of Article 667 of the Penal
Code of Texas upon a contract for the periodic
delivery of beer which was executed by a distri-
butor and a wholesaler. However, you will notice
that the attached contract form differs from the
form which was considered in Opinion No. O-7280
in that the instant contract is executed between
a brewer and a distributor, rather than between
a distributor and a retailer, and in that the

instant contract does not contain the provisions
for a cash deposit and for forfeiture which were
present in the contract which you considered in
Opinion No. O-7280.

"In connection with this request, your atten-
tion is particularly directed to the following
portion of Section 27 (b) of Article 666 of the
Penal Code of Texas:

"'It shall be unlawful for any brewer,
distiller, winery, or manufacturer of any
alcoholic beverage or manufacturer's agent,
or any of the agents, servants or employees
thereof, to enter or offer to enter into
any agreement, contract, arrangement, con-
dition, or system, either orally or written,
with any wholesaler or any other person in
this State wherein or whereby any person is
required, obligated, persuaded, influenced,
or induced, or by the terms of which it is
intended or calculated to require, obligate,
persuade, influence, or induce any person to
purchase, produce, obtain, require, or secure
any <u>certain volume or quota of business</u>, more
or less, of any one or more types, kinds,
brands, or varieties of alcoholic beverages,
whether the same be within any period of time,
or within any area, or upon the fulfillment of
any condition, attainment, provision, demand
or promise or to require, obligate, persuade,
influence, or induce any person or attempt to
require, obligate, persuade, influence, or
induce any such person to sell any alcoholic
beverage in any manner contrary to law or in
any manner calculated to induce a violation
of the law.'

"You will notice from the attached form that
the agreements in question cover a fixed period
of thirty-six months, but that blanks are filled
in to provide for the total number of cars of
beer which are covered by the agreement and for

Honorable Bert Ford, Page 3

the number of such cars which are to be delivered
each month.  I am informed that such blanks are
filled in to meet the wishes, needs and require-
ments of each individual distributor, and that
the brewer in no way determines or dictates the
amounts which are to be inserted in such blanks.
Upon the assumption that this information is
correct and that no element of coercion or duress
enters into the execution of such an agreement,
I desire to obtain your opinion as to whether or
not the formation of such an agreement in any way
violates the Texas Liquor Control Act."

In order to determine the import of Section 27 (b)
of Article 1 of the Texas Liquor Control Act codified as
Article 666, Section 27 (b) V. A. C. S., 1925, we condense
it into its pertinent provisions:

"It shall be unlawful for any brewer . . .
to enter into any agreement . . . with any
wholesaler . . . wherein or whereby any person
is required, obligated, persuaded, influenced,
or induced . . . to purchase . . . any certain
volume or quota of business . . . of any one or
more . . . varieties of alcoholic beverages . . . ."
(Emphasis added)

Because of the fact that we have found no decisions
construing this Article, or one similar thereto, our construc-
tion as stated below will be supported by no judicial inter-
pretations.

A close study of the statute in its shortened form
fails to reveal any ambiguity, and therefore any discussion
or analysis of legislative intent is unnecessary.  Volume II
of Sutherland's "Statutes and Statutory Construction" at page
314 contains the following often cited proposition:

"The most common rule of statutory inter-
pretation is the rule that a statute clear and
unambiguous on its face need not and cannot be
interpreted by a court and only those statutes
which are ambiguous and of doubtful meaning are
subject to the process of statutory interpretation."

Honorable Bert Ford, Page 4

        In Volume I at page 1 of Williston on Contracts, a contract is defined as "a promise, or set of promises, for breach of which the law gives a remedy, or the performance of which the law in some way recognizes as a duty." Under this definition it is difficult to envision an enforceable contract or agreement for the purchase or sale of a certain volume or quota of alcoholic beverages which would not require, obligate or induce the parties to purchase or produce the stipulated volume or quota.

        It is, therefore, the opinion of this department that a contract executed on the form submitted by you would be violative of Section 27(b) of Article 666, V.A.C.S., 1925.

        We trust we have satisfactorily answered your inquiry.

                            Yours very truly

                            ATTORNEY GENERAL OF TEXAS

                        By  Clarence Mills
                            Clarence Y. Mills
                            Assistant

APPROVED DEC 19 1946

ATTORNEY GENERAL OF TEXAS

CYM:ms